## WASHINGTON CAMP NO. 32, PATRIOTIC ORDER SONS OF AMERICA,

### vs.

## ELIZABETH KLUG.

*Fraternal Orders—Death Benefit Association—Standing of Member.*

Where a fraternal order arranged with a death benefit association that the latter should pay the former a certain sum upon the death of each member of the fraternal order who was in good standing at the time of his death, *held* that if the fraternal order erroneously stated to the benefit association that the insured was not in good standing as a member, and thus by its own act prevented its receipt of such benefit money, it cannot rely upon the fact that it did not receive the same as a ground of exemption from liability to the heirs of the deceased member.

p. 201

In an action against a fraternal order to recover a funeral benefit fund on account of the death of a member, *held* that there was evidence to justify the inference that the beneficial standing of such member was preserved, and recognized by the order, till the time of his death. p. 202

*Decided November 21st, 1919.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Willis E. Myers,* with whom was *John F. Oyeman* on the brief, for the appellant.

Submitted on brief by *Lewis Hochheimer* and *William H. Lawrence,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant is a fraternal and beneficial association, and the appellee's husband, Thomas J. Klug, was one of its members from August, 1900, until his death on March 10, 1917. This is a suit by the widow to recover a funeral benefit fund of two hundred and fifty dollars to which she claims to be entitled under the by-laws of the order, and the appeal is from a judgment rendered on a verdict in her favor for that amount. The only question in the case is whether the husband was in arrears as to the payment of dues to such an extent as not to be a member in good standing at the time of his death.

The by-laws then in force provided that the dues of members, of the insurance class to which Mr. Klug belonged, should be $10.25 per annum "payable quarterly on or before the last meeting night in March, June, September and December," and that a member allowing his account to remain unpaid eleven weeks should be notified by the Financial Secretary of his indebtedness, and should at the same time have his attention "called to the fact that after he is thirteen weeks in arrears, he forfeits all privileges except admission to camp room; nor shall he be entitled to receive sick benefits for a period of six weeks after all arrearages to date are paid." On the subject of funeral benefits the by-laws provide: "So long as this camp shall retain its membership in any Funeral Benefit Associations, there shall be paid to the heirs of a deceased brother the full amount received from the said associations in which he had been enrolled by the Camp, less the costs of claim and all other charges legally due this Camp at the time of death, provided the brother was in good standing at the time of death, and all requirements exacted by the laws of said Funeral Benefit Associations have been complied with."

It was proven that the appellant was a member of the Maryland Death Benefit Association, in which also it caused Mr. Klug to be duly enrolled. The by-laws of that associa-

tion provide, in part, as follows: "The funeral benefits payable by the Association upon the death of a member of an organization holding membership and in good standing in this Association shall be as prescribed in the following sections of this article, provided * * * that the said member was in good standing in his or her organization * * * A deceased member of an organization having membership in this association shall be held and considered in beneficial standing in his or her organization at the time of his death, providing that he or she did not owe three months' dues, or over at the occurrence of such sickness or accident, which caused death * * * "

It is conceded that if Mr. Klug was in "good standing" in the appellant order when he died, the sum of $250.00 was collectible by it from the Death Benefit Association and payable to the appellee. A formal claim for this funeral benefit was presented by the appellant to the Death Benefit Association, but the claim certificate, as prepared by the appellant's officers, included a statement that Mr. Klug was not in good standing in that order at the time of his death, and because of this representation the payment of the benefit was refused. Not having received the fund from the other organization, the appellant contends that it is not liable to make payment to the beneficiary. This defense is valid only in the event that the appellant correctly made the statement as to Mr. Klug's delinquency on account of which it failed to receive the fund from the Death Benefit Association. If the appellant erroneously represented the insured not to be in good standing, and thus by its own act prevented its receipt of the benefit money from the designated source, it cannot rely upon the fact that it did not receive the money as a ground of exemption from liability. *Rumsey v. Livers,* 112 Md. 546, and cases there cited.

The statement of Mr. Klug's dues account, which accompanied the certificate presented to the Maryland Death Benefit Association, showed his indebtedness at the time of his

death, on March 10, 1917, to be $3.26. But this included a charge of $2.00 as an apportionment of the dues for the current quarter, which had not yet expired and the dues for which had therefore not matured under the terms of the appellant's by-laws. The dues for that period were payable "on or before the last meeting night of March," and hence were not previously demandable. 21 *R. C. L.* 12; 13 *C. J.* 584; 8 *C. J.* 400; 9 *C. Y. C.* 610. If this error had not been made in the account, it would have shown a balance due of only $1.26. This was less than half of three months' dues which amounted to $2.63. It required an indebtedness of that amount, according to the by-laws of the Death Benefit Association, to deprive a member of beneficial standing. If the account of Mr. Klug had been correctly reported to that association, it would have had no occasion to refuse payment of the funeral benefit. The failure of the appellant to collect the fund is consequently not a sufficient defense to this action. Nor does the record require the conclusion that under the appellant's own by-laws the insured member was so far in arrears that his widow must lose the benefit of the insurance which his membership in the order was intended to provide. While it appears that he owed $3.26 on December 26, 1916, the amount was reduced to $1.26 by the payment of $2.00 on January 29 following, and there is testimony that the Financial Secretary acknowledged Mr. Klug to be in good standing at that time. The Financial Secretary denied having made such a statement, but there is other testimony from which it may be inferred that the beneficial standing of the appellee's husband was preserved, and recognized by the order, down to the time of his decease.

The question we have considered was raised by certain rejected prayers which opposed recovery on the grounds referred to, and which form the subject of the only bill of exceptions in the record. Instructions were granted submitting the issue of fact as to the decedent's standing in the order to the determination of the jury.

*Judgment affirmed, with costs.*